THIGPEN, Judge.
This is a paternity case under the Alabama Uniform Parentage Act (AUPA).
The State, on behalf of G.J.W. (mother), brought an action in the juvenile court, alleging that W.J.W. was the father of J.D.W. (child). Following a determination that W.J.W. was the father, he appealed to the circuit court and demanded a jury trial. *398 Ultimately, the case was set for trial and a jury found W.J.W. to be the father of J.D.W. W.J.W. appeals.
During the pendency of the proceedings in juvenile court, the parties and the minor child underwent two human leukocyte antigen (HLA) blood tests to determine the statistical probability of paternity. Following a pretrial hearing in circuit court, the trial court ordered that an additional blood test be performed, and W.J.W. took a blood typing test. The State then filed a motion for further testing, and W.J.W. filed an objection to further testing. The trial court amended its order, indicating the parties were to submit to an additional HLA blood test. W.J.W. would not submit to a further test in response to the court’s amended order, and at trial he'renewed his objection to further testing.
During a pretrial conference, W.J.W. argued that the minor child at issue should be named as a party to this action. The court ordered the child named a party, and ordered that a guardian ad litem be appointed to represent the child’s interests. W.J.W. argued that the State should represent the interests of the child, and he objected to the appointment of the guardian ad litem. The court did not accept this argument and terminated the proceedings in order that a guardian ad litem could be appointed.
W.J.W. also argued that the State should add additional defendants in this case. The court ordered a probable cause hearing to determine whether additional defendants should be added. W.J.W. filed a response to this order, withdrawing his request to add other parties and urging the court to vacate its order. No other parties were added.
Because the State was unable to produce a witness necessary to establish a proper chain of custody for W.J.W.’s original two HLA blood tests, the results of those tests were held to be inadmissible. The trial court also ruled that references to the blood typing test would be allowed, as well as evidence regarding W.J.W.’s refusal to submit to further blood tests per the court's amended order.
W.J.W. raises a number of issues for our review regarding the blood tests, the lack of additional defendants, and the appointment of the guardian ad litem.
With regard to the blood tests, W.J.W. contends that the trial court erred in ruling that the results of the tests were not conflicting; that the trial court erred in ruling that W.J.W. did not have good cause for refusing to submit to the fourth blood test ordered by the court; and that the trial court erred by not sustaining W.J.W.’s objection to the State’s line of questioning which suggested to the jury that the lack of evidence of the results of the tests was due to a technicality.
It is difficult to see how W.J.W. was prejudiced with regard to the trial court’s ruling that the results of the various blood tests were not conflicting. The ruling allowed the results of the blood typing test into evidence, as W.J.W. requested. For the court to rule otherwise would have kept out all the test results, in accordance with Ala.Code 1975, § 26-17-12(b), including the results of the blood typing test, which W.J.W. argues indicate that he is not the father. If, as W.J.W. maintains, the results of the later blood typing test indicate he is not the father, then the fact that the court ruled that the test results were not conflicting with the HLA results, ruled inadmissible for reasons already stated, strengthens his case. We hold that if it was error for the court to find that the results of the test were not conflicting, it was error without injury. See Rule 45, A.R.App.P.
W.J.W. next argues that the trial court erred by not finding that he had good cause to refuse the court’s amended order for another HLA blood test. Ala.Code 1975, § 26-17-12(a), provides:
“Upon application of the defendant in a paternity proceeding or any other party to the action, the court shall order the mother, child and defendant to submit to one or more blood tests to assist the court in determining paternity of the child_” (Emphasis added.)
*399 The statute is silent as to the number of blood tests the court may order and, therefore, we hold that the determination to require multiple blood tests is within the trial court’s discretion, and the trial court’s ruling will be reversed only when that discretion is abused. In the instant case, the amended order requiring an additional HLA blood test was not an abuse of discretion; therefore, the ruling that W.J.W. did not have good cause for refusing the court’s amended order is not prejudicial error.
The third argument W.J.W. presents for our review involves potentially prejudicial comments the guardian ad litem made in the presence of the jury during questioning of W.J.W. and the mother. These comments centered on the inadmissibility of the HLA blood test results due to a technicality. This line of questioning was suggested by the court, out of the presence of the jury, in order to attack W.J.W.’s credibility without violating the motion in limine excluding references to the HLA blood tests. The two pertinent exchanges are as follows:
“Q [Guardian ad litem] Did your knowledge that the tests that had previously been submitted may not be admissible in this hearing due to a technicality have any bearing on your refusal to take another test?
“A [W.J.W.] My decision was based on the fact that I done give all the blood I feel like I need to give.”
“Q [Guardian ad litem, to the mother:] Are you aware that the previous HLA test has a technicality as far as the— “MR. SMITH: Objection.
“Q Do you know that the questioned] HLA tests that have been put in - are not in because of technicalities?
“MR. SMITH: Objection.
“THE COURT: Y’all approach the bench a second. (Bench conference off the record).
“THE COURT: Sustain the objection.”
While it may be true, as the State argues, that W.J.W. opened the door to the fact that earlier tests were taken, but were not admissible, he certainly never opened the door to the utterly prejudicial suggestion that he was aware of the State’s inability in this case to present the evidence of the original blood tests at the time of his refusal to accede to further tests. The “technicality” referred to by the court and the guardian ad litem was the fault of the State. To use the State’s mistakes to suggest that W.J.W. knew, at the time he refused further tests, that the State would be unable to produce evidence, is unduly prejudicial, if not a violation of the motion in limine. We hold that the prejudicial comments made pertaining to the inadmissibility of the HLA blood test results due to a technicality amount to reversible error.
Next, W.J.W. maintains that the State was obligated to add to this proceeding additional parties named by him as possible fathers. We do not agree. First, we note that the court attempted to add additional parties and even ordered a probable cause hearing to determine possible parties defendant. The hearing was not held as a result of W.J.W.’s own response, in which he admitted there was no need for such a hearing. It was due to W.J.W.’s own protests that additional parties were not named, and any error in this regard is his own. Regarding the State’s obligation to add and prosecute additional defendants, the statute requires only that the State shall “prosecute all proceedings.” Ala. Code 1975, § 26-17-7. It does not require that the State proceed against someone when it is believed there is insufficient evidence to do so. The State investigated the question of paternity and believed there was evidence to prove W.J.W.’s parentage; thus, he was named as the defendant. The State had no reason to proceed against anyone else.
Finally, W.J.W. contends that the State had the responsibility to represent the child in this case and that it was error to appoint a guardian ad litem for the child. We do not agree. The Alabama Uniform Parentage Act clearly allows the appointment of a guardian ad litem other than a representative of the State. Ala.Code 1975, § 26-17-11, clearly states:
*400 “The child may be a party to the action. If he is a minor he shall be represented by his general guardian or a guardian ad litem appointed by the court, if not otherwise represented by counsel. The child’s mother or father may not represent the child as guardian or otherwise. The court may appoint the public authority chargeable by law with the support of the child as guardian ad litem for the child.” (Emphasis added.)
The statute allows the court to appoint the State’s representative to serve as guardian ad litem for the child, but it does not require it.
In view of the foregoing, the judgment of the trial court is due to be reversed. This case is remanded for a new trial consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.